*Breckenridge & Buckner, for appelee.*

---

## E. N. GARDNER, ETC., *v.* D. B. FORBES, ETC.

**Banks and Banking—Accommodation Endorsers—Sureties—Endorser Induced by Bank to Part with Property of Principal—Answer—Demurrer.**

Taking the allegations of the answer as true, which is done for the purpose of the demurrer, and regarding the president of the bank as acting officially and as agent of the bank, in the alleged communications by him to the appellants, to the effect that the principal debtor had in some way secured the bank whereby the endorser was induced to part with the property by which they were indemnified, they would be discharged from liability to the bank. Consequently it was error to sustain the demurrer.

APPEAL FROM CALLOWAY CIRCUIT COURT.

December 14, 1870.

OPINION BY JUDGE PETERS:

In the answer of appellants, which was permitted to be filed by the court they allege that they endorsed the bill sued on for the accommodation of Hardy & Co., the principal debtors, and that the bank, by its officers, and for which appellee sues, knew the fact, when it purchased the bill, that its president attended the June term, 1866, of the Calloway Circuit Court, and then informed appellants that Hardy, the principal debtor, had paid the greater part of the bill, and had made satisfactory arrangements to pay the residue thereof, that it was, in fact, satisfied. That they had instituted suit against said Hardy with attachment, and had their attachment levied on the property of said Hardy sufficient to indemnify and secure them, but upon the assurance of the bank's president that it was indemnified by Hardy, and it was unnecessary further to prosecute their suit against him, they dismissed their said suit, and released his property which they had attached.

Taking these allegations as true which is done for the purposes of the demurrer and regarding the president as acting officially and as agent for the bank in the communication by him, these debtors of the bank were in some way secured by the principal debtor, and if the bank parted with the security, or induced the endorsers, who were mere sureties of Hardy & Co., to give up the property of their principal by which they were in whole, or in part indemnified, they would be discharged at least to the value of the securities which they had possessed themselves of.

Consequently the demurrer to that part of the answer was improperly sustained. Nor is the error cured by the evidence of appellee tending to disprove these allegations of the answer, for appellants could not offer evidence to sustain those allegations, after the answer had been adjudged bad on demurrer, and if appellee had the evidence to disprove them, it was indiscreet to risk the demurrer.

As to the admissibility of the evidence, there were no exceptions taken to the opinion of the court overruling appellants'

objections to it, if, in fact, any were made. All the evidence except the law of Louisiana, the bill and notary's certificate of protest, is in depositions, and no exceptions were filed to them. So that even if there had been any error in the court below in admitting testimony, this court could not consider it.

No bill of exceptions was filed incorporating the rejected answer in the record, and we cannot recognize the paper copied as that answer, since the unofficial statement of the clerk does not make it a part of the record.

But for the error in sustaining the demurrer to that part of the original answer herein referred to the judgment is reversed, and the cause is remanded with directions to overrule it, and for further proceedings consistent herewith.

*Bush, Stubblefield, Brown & Miller, for appellant.*

*Tice & Campbell, for appellee.*